FILED

MAR 28 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| PHILLIP CAMILLO-AMISANO, | No. 20-55038 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-06634-ODW-JDE |
| v. | |
| FEDERAL BUREAU OF PRISONS; et al., | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
Otis D. Wright II, District Judge, Presiding

Argued and Submitted March 16, 2023
Pasadena, California

Before: PAEZ, CHRISTEN, and MILLER, Circuit Judges.

Plaintiff-Appellant Phillip Camillo-Amisano appeals the district court's

order dismissing with prejudice his *pro se* complaint alleging several constitutional

claims against Bureau of Prison (BOP) employees and seeking damages pursuant

to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

U.S. 388 (1971).  Because the parties are familiar with the facts of this case, we do not recite them here.  We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

We review de novo a district court's order dismissing a prisoner's complaint under 28 U.S.C. § 1915A.  *Mangiaracina v. Penzone*, 849 F.3d 1191, 1195 (9th Cir. 2017).  Dismissal pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)."  *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012).  But *pro se* complaints are construed liberally and may be dismissed only "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."  *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012)).

We affirm the district court's ruling that Camillo-Amisano's complaint fails to state a claim because he seeks only damages, and a *Bivens* claim is unavailable for the harms alleged in his complaint.  Because Camillo-Amisano concedes that his claims present new *Bivens* contexts, the issue on appeal is whether there are any "special factors" indicating that the judiciary "is at least arguably less equipped than Congress to 'weigh the costs and benefits of allowing a damages action to proceed.'"  *Egbert v. Boule*, 142 S. Ct. 1793, 1803 (2022) (quoting *Ziglar v.*

*Abbasi*, 582 U.S. 120, 136 (2017)).  Though the complaint alleges reprehensible conduct, the Supreme Court's decision in *Egbert v. Boule* establishes that at least one "special factor" forecloses a *Bivens* claim here:  the BOP's Administrative Remedy Program provided Camillo-Amisano access to an alternative remedial structure for each of his claims.  *See* 142 S. Ct. at 1804, 1806–07; 28 C.F.R. §§ 542.10, 542.15.  Through that program, Camillo-Amisano could seek "formal review of an issue relating to any aspect of his[] own confinement," 28 C.F.R. § 542.10(a), and bypass individual officers by filing grievances directly with the Regional Director if he feared retaliation, *id.* § 542.14(d).  In *Egbert*, the Supreme Court stated that "a court may not fashion a *Bivens* remedy if Congress already has provided, or has authorized the Executive to provide, 'an alternative remedial structure.'"  142 S. Ct. at 1804 (quoting *Ziglar*, 582 U.S. at 137).  If such a structure is in place, "'that alone,' like any special factor, is reason enough to 'limit the power of the Judiciary to infer a new *Bivens* cause of action.'"  *Id.* (quoting *Ziglar*, 582 U.S. at 137); *see also Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 74 (2001).

Camillo-Amisano argues the Administrative Remedy Program is inadequate because it does not provide for damages and BOP employees interfered with his ability to use it, but an alternative remedial structure forecloses a *Bivens* claim even

3

if it "do[es] not provide complete relief." *Egbert*, 142 S. Ct. at 1804 (quoting *Bush v. Lucas*, 462 U.S. 367, 388 (1983)). In *Egbert*, the Supreme Court emphasized that "[s]o long as Congress or the Executive has created a remedial process that it finds sufficient to secure an adequate level of deterrence, the courts cannot second-guess that calibration." *Id.* at 1807. "[T]he question whether a given remedy is adequate is a legislative determination that must be left to Congress, not the federal courts." *Id.* We therefore hold the district court correctly determined that the Administrative Remedy Program foreclosed recognizing a *Bivens* claim for any of Camillo-Amisano's allegations.

**AFFIRMED.**